Harold H. Reilly, Esq. Village Attorney, Wappingers Falls
You have asked whether a member of a village board of trustees may serve as the paid commissioner of the village police department.
You are aware that section 3-300(3) of the Village Law provides as follows:
 "No person shall simultaneously hold an elective and an appointive village office except that: not more than two members of the board of trustees may be members of each board and commission; members of the board of trustees may be single commissioners in charge of village departments except as provided in the zoning article in this chapter."
Thus, as an exception to the statutory prohibition against simultaneously holding an elective and appointive village office, a trustee may be a commissioner in charge of a village department. This is also an exception to the common law rule of compatibility of office which prohibits the holding of offices, where one is subordinate to the other (Op Atty Gen Nos. 84-9, 84-22). (The village board, as the administrative and legislative arm of village government, is responsible for setting policy with respect to the village police department.) We note that the local legislative body by local law may supersede the common law doctrine of compatibility of office upon a finding that the public interest will be served (Op Atty Gen No. 84-9).
It seems clear, under section 3-300(3) of the Village Law, that a member of a village board of trustees may serve as the commissioner of the village police department. The payment of this individual for service as the commissioner of police would not, in our judgment, change this result. The trustees, as the legislative body of village government, are responsible for setting their own salaries. Thus, the payment of the trustee for serving as the commissioner of police does not make the positions incompatible.
We conclude that a trustee of a village may simultaneously hold the position of paid commissioner of the village police department.